**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01955-REB

MICHAEL J. DAVIS,

     Applicant,

v.

ANGEL MEDINA, Warden, Limon Corr. Facility,

     Respondent.

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

**Blackburn, J.**

     This matter is before me on the ***pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("Application") [#1][1] filed on August 17, 2010, by Applicant Michael J. Davis.  Respondent filed a Response to Order to Show Cause ("Response") [#13], and Applicant filed a Traverse [#14].  Pursuant to Applicant's request for further briefing, Respondent filed additional briefing ("Additional Response") [#19], and Applicant filed a Traverse ("Second Traverse") [#21].[2]

     I must construe the Application and other papers filed by Applicant liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

---

     [1] [#1] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

     [2] Although docket entries in CM/ECF show two separate entries for Applicant's Traverse that was filed in reply to Respondent's Additional Response [#19], the docket entries are exactly the same.  Only [# 21] will be referred to in this order.

After reviewing the pertinent portions of the record in this case, including the Application, the Response, the Traverse, and the subsequent briefing by Respondent and Applicant, I conclude that the Application should be denied.

## I.  BACKGROUND

Applicant is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Limon, Colorado, Correctional Facility.  He asserts that he has a detainer pending against him from Lake County, Indiana, in Case No. 2CR-195-1285-783.  Applicant makes contradictory statements regarding whether a conviction has been entered in the Indiana case.  In the Motion Requesting Additional Responsive Pleading [#15] he states that the Indiana charges have not been tried.  However, in the Second Traverse, Applicant concedes the charges have been tried.  I find that based on the warrant for arrest, attached to the Response submitted by Respondent, *see* Resp. at Ex. A, Applicant was found guilty on April 8, 1986, in Case No. 2CR195-1285-783 and is awaiting sentencing.

Applicant contends that he was tried abstentia in the Indiana case because he involuntarily left Indiana prior to trial.  He further asserts that he has sought dismissal of the Indiana case because his right to be present was violated and his conviction is unconstitutional.  Finally, Applicant contends that the Indiana court informed him that he must invoke his right to a speedy trial under the Interstate Agreement on Detainers Act ("IAD"), but the DOC will not recognize his rights.  Applicant seeks dismissal of the Indiana conviction because more than 180 days have passed since he requested disposition of the case.

Respondent first argues that the IAD does not apply to matters that have been tried and that Applicant's reliance on the IAD is misplaced.  Second, Respondent

argues that Applicant's claim should be denied because he is raising only a violation of a state law and not a violation of the Constitution or the laws or treaties of the United States. Finally, Respondent argues that Applicant is contesting the validity of his conviction in Indiana and his claims more properly are addressed in a 28 U.S.C. § 2254 action filed in the federal district court located in the district where he was convicted.

## II. DISCUSSION

Federal habeas relief is available to Applicant only if he demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002). The United States Supreme Court has stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). The IAD is a compact among forty-eight states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. *See Carchman v. Nash,* 473 U.S. 716, 719 (1985). Adopted as law by the State of Colorado and the State of Indiana, *see* Colo. Rev. Stat. §24-60-501 and Ind. Code §35-33-10-4, the IAD is a "congressionally sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Carchman,* 473 U.S. at 719.

> Pursuant to Article III(a) of the Interstate Agreement on Detainers, Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his

> imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

Colo. Rev. Stat. § 24-60-501, Art. III(a); Ind. Code § 35-33-10-4, Art. III(a).

The Tenth Circuit Court of Appeals has held that the "rights created by the IAD[ ] are statutory, not fundamental, constitutional, or jurisdictional in nature." *Greathouse v. United States,* 655 F.2d 1032, 1034 (10th Cir. 1981), *cert. denied,* 455 U.S. 926 (1982). Therefore, an alleged IAD violation might be proper grounds for habeas relief only if "special circumstances" exist. *Knox v. Wyoming Dep't of Corrections,* 34 F.3d 964, 967 (10th Cir. 1994) (quoting *Greathouse,* 655 F.2d at 1034), *cert. denied,* 513 U.S. 1091 (1995). For the following reasons, I find that special circumstances do not exist to grant the Application.

The reference to trial under the "IAD's anti-shuttling provisions does not include sentencing." *See United States v. Coffman*, 905 F.2d 330, 332 (10th Cir. 1990). "[T]he IAD differentiates between the trial phase of a proceeding and all post-trial procedures, including sentencing. *Id.* The "purpose of the IAD is to facilitate the interjurisdictional transfer of prisoners and to promote prisoner rehabilitation . . . . Transferring a prisoner after trial but before sentencing does not implicate the prisoner rehabilitation concerns animating the IAD to the same degree as pre-trial transfers." *Id.* at 333. The speedy trial provisions of the IAD are not available to Applicant to facilitate a transfer to Indiana for the purpose of sentencing. Therefore, Applicant's speedy trial claim lacks merit.

Also, Applicant's request to dismiss the Indiana conviction is not a proper claim for relief.  The detainer against Applicant is based on a prior adjudication of his guilt and not untried charges.  "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent."  *See Carchman*, 473 U.S. at 719 (citing *Cuyler v. Adams,* 449 U.S. 433, 436, n. 3 (1981) (other citations omitted).  Article IV, § 2, cl. 2, of the United States Constitution does not establish a mandatory obligation on a state to secure the return of a person subject to a conviction in that state.  *See Brownfield v. Stovall*, 85 F. App'x 123, * * 1-* * 2 (10th Cir. 2003).  In Indiana, as in other states, the decision to extradite appears to be discretionary.[3]  Applicant's detainer does not need to be executed until he is released from his current sentence.  Applicant fails to demonstrate that the State of Indiana has forfeited its authority to regain custody of Applicant for the purpose of sentencing and punishment by failing to initiate extradition proceedings.  Dismissal of the conviction, therefore, is not proper.

To the extent Applicant is challenging the validity of his conviction in Indiana, the challenge is governed by 28 U.S.C. § 2254 and must be filed in the district where the sentence was imposed.  *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Based on the above findings, I will deny the Application and dismiss the action for lack of merit.

---

[3]  Ind. Code § 35-33-10-3, which is the State of Indiana's codification of the Uniform Criminal Extradition Act, reads in part as follows:  "The governor may recall his warrant of arrest or may issue another warrant whenever he deems proper."  *See* § 35-33-10-3(22).

### III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#1] filed on August 17, 2010, by Applicant Michael J. Davis is **DENIED**;

2. That this case is **DISMISSED WITH PREJUDICE**.

3. That no certificate of appealability shall issue because Applicant Michael J. Davis has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

Dated July 5, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge